# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY D. SHARP,<br>    Plaintiff,<br><br>    v.<br><br>SHINHAN BANK CO., LTD., et al.,<br>    Defendants. | CV 21-9197 DSF (MRWx)<br><br>Order GRANTING Plaintiff's Motion for Authority to Serve Defendants Under the Hague Convention (Dkt. 15) |

    Plaintiff Bradley D. Sharp, the Court-appointed permanent receiver for the estate of Direct Lending Investments, LLC (DLI), Direct Lending Income Fund, L.P. (DLIF), Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC, DLI Assets, LLC, and their successors, subsidiaries, and affiliated entities, moves for an order authorizing service under the Hague Convention on Defendants 33 DLIF Net Winners,[1] their trustees

---

[1] The DLIF Net Winners are: GB US Fintech Income Fund of Funds #1, GB US Fintech Income Fund of Funds #2, GB US Fintech Income Fund of Funds #3, GB US Fintech Income Fund of Funds #4, GB US Fintech Income Fund of Funds #5, GB US Fintech Income Fund of Funds #6, GB US Fintech Income Fund of Funds #7, GB US Fintech Income Fund of Funds #8, GB US Fintech Income Fund of Funds #9, GB US Fintech Income Fund of Funds #10, GB US Fintech Income Fund of Funds #11, GB US Fintech Income Fund of Funds #12, GB US Fintech Income Fund of Funds #13, GB US Fintech Income Fund

Shinhan Bank Co., Ltd. (Shinhan); Kookmin Bank Co., Ltd. (Kookmin); and Korea Securities Finance Corporation (KSFC), and their fund managers Goldenbridge Asset Management Co., Ltd. (GBAM); JB Asset Management Co., Ltd. (JBAM); and Korea Alternative Investment Asset Management Corp. (KAIC).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Plaintiff's Motion is GRANTED.

## I. BACKGROUND

Plaintiff filed his Complaint on November 23, 2021.  Dkt. 1 (Compl.).  On December 1, 2021, Plaintiff's counsel emailed to each of the Defendants a copy of the Complaint and exhibits, as well as the summons and other relevant documents.  Dkt. 15-1 (Castleman Decl.) ¶¶ 10, 14, 20, 24, 27, 30.  Plaintiff's counsel sent another email on December 6, 2021 with a link to a folder containing the docket entries in this action up until that date, as well as sending hard copies to the addresses provided in the subscription agreements at issue in the underlying action.  Id. ¶¶ 11, 15-16, 21, 25, 28, 31.  On February 8, 2022, Plaintiff's counsel emailed each Defendant requesting to meet and confer, or otherwise that they waive service.  Id. ¶ 3.  Plaintiff has not received a waiver of service from any of the Defendants.  Id. ¶ 4.

Plaintiff alleges that each of the Defendants other than the 33 DLIF Net Winners is a company located in South Korea, and that the

---

of Funds #14, GB US Fintech Income Fund of Funds #15, GB US Fintech Income Fund of Funds #16, JB US Fin-Tech Fund of funds #1, JB US Fin-Tech Fund of funds #2, JB US Fin-Tech Fund of funds #3, JB US Fin-Tech Fund of funds #4, JB US Fin-Tech Fund of funds #5, JB US Fin-Tech Fund of funds #6, JB US Fin-Tech Fund of funds #7, JB US Fin-Tech Fund of funds #8, JB US Fin-Tech Fund of funds #9, JB US Fin-Tech Fund of funds #10, JB US Fin-Tech Fund of funds #11, JB US Fin-Tech Fund of funds #12, KAIC US Fin-Tech Fund of funds #1, KAIC US Fin-Tech Fund of funds #3, KAIC US Fin-Tech Fund of funds #4, KAIC US Fin-Tech Fund of funds #5, and KAIC US Fin-Tech Fund of funds #9.  Dkt. 1 (Compl.) ¶¶ 1, 4.

33 DLIF Net Winners are investment funds that had sales agents in South Korea. Compl. ¶¶ 31-69.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h) provides that "[u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" either (1) "in a judicial district of the United States"; or (2) "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h).

Rule 4(f) provides that an individual "may be served at a place not within any judicial district of the United States" using the following methods:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:

3

>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>
>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).  "A summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).

"[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."  Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).

### III. DISCUSSION

Plaintiff seeks an order from the Court authorizing him to serve Defendants with the Complaint and summons under the Hague Convention.

The Republic of Korea is a state party to the Hague Convention.  See HCCH Members, https://www.hcch.net/en/states/hcch-members (last visited March 29, 2022).  The Republic of Korea objected pursuant to Article 10 of the Hague Convention to (1) the freedom to send judicial documents, by postal channels, directly to persons abroad"; (2) "the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officials or other competent persons of the State of destination"; and (3) "the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."  See Republic of Korea Declarations and Reservations, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=408&disp=resdn (last visited March 29, 2022).

To properly effect service in The Republic of Korea under the Hague Convention, a plaintiff must serve a translated version of the Complaint through South Korea's designated Central Authority. See Applied Med. Distrib. Corp. v. AH Sung Int'l, Inc., 2016 WL 7626475, (C.D. Cal. June 2, 2016) (describing two-step process under Hague Convention for serving documents).

Plaintiff states that he plans to effect service on six entities under the Hague Convention by shipping two hard copies of the Complaint and summons – one copy in English, the other in Korean – to the Korean central authority: (1) Shinhan, on behalf of itself and the two DLIF Net Winners for which it served as trustee; (2) Kookmin, on behalf of itself and the two DLIF Net Winners for which it served as trustee; (3) KSFC, on behalf of itself and the 29 DLIF Net Winners for which it served as trustee; (4) GBAM; (5) JBAM; and (6) KAIC. Mot. at 6-7. Plaintiff also states that in addition to translating one copy of the summons and Complaint, he intends to include a one-page document stating in Korean the link to the website where all the exhibits attached to the complaint, as well as all the items filed in the Court's docket, can be accessed. Id. at 7. Plaintiff intends to serve the copies of the summons and Complaint only on the six defendants listed above because the 33 DLIF Net Winners can all be served through the Trustee Defendants. Id. at 7.

Plaintiff states he does not intend to translate all of the exhibits to the Complaint, as that would cause him to incur an unnecessary expense of at least $80,000, and because approximately 620 out of 800 pages of the exhibits consists of the subscription agreements at issue in this case that were originally signed by Defendants in English, so translation into Korean is unlikely to add value or assistance that outweighs the cost and difficulty of translation. Id. The Court agrees that Plaintiff need not translate and serve all of the exhibits to the Complaint, as service of the Complaint itself is reasonably calculated to provide Defendants notice of the suit and an opportunity to respond.

5

## IV. CONCLUSION

Plaintiff's motion is GRANTED. Plaintiff must attempt service in the manner described in the Motion.

IT IS SO ORDERED.

Date: April 1, 2022

Dale S. Fischer
United States District Judge